FAY v. CAUSEY.

(Filed November 25, 1902.)

1. AGENCY—*Principal and Agent—Payments—Contracts.*

   A contract by an agent selling machinery to take lumber in payment for the same is not binding on the principal unless authorized by him.

2. PAYMENTS—*Evidence—Sufficiency.*

   There is not sufficient evidence in this case to be submitted to the jury on the question whether the notes sued on had been paid.

ACTION by the J. A. Fay & Eagan Company against H. C. Causey and others, heard by Judge *Thomas J. Shaw* and a jury, at December Term, 1901, of the Superior Court of GUILFORD County. From a judgment for the defendants, the plaintiff appealed.

*L. M. Scott,* for the plaintiff.
*J. A. Barringer,* for the defendants.

MONTGOMERY, J.  The execution of the two notes sued on was admitted, and payment was set up as a defence in the answer.  On the trial, the defendants undertook to prove that payment was made in lumber.  The sale of the machinery for which the notes were given in part, was made by J. H. Burgess, an agent.  The defendant Causey was examined as a witness in his own behalf, and testified that he and the agent agreed that a part of the purchase money (without stating how much) might be paid in lumber, and that about that time a lot of lumber was shipped to Burgess.  That was an agreement not binding on the principal, unless it was authorized by the principal, and there was no evidence tending to show that such authority had been given, or that it had been

ratified.   The witness said that at the time Burgess received the lumber he said nothing about being agent.    Neither was there any evidence that any lumber was ever paid as a credit on the notes, which are the subject of this action. Burgess did testify that he was authorized to receive payment of the notes in lumber (but not to sell in the first place for lumber), but nowhere does he say that he received anything, lumber or money, on these particular notes.    He said that after he had received the lumber he "accounted to Mr. Causey for it and paid off one or two of his notes and *gave* them.    I accounted to the company so as to get these papers turned over.    I received the lumber on this account for Eagan & Co.    I got the lumber as far back as 1892."    So, it is clear from this witness's testimony that such of the notes given for the machinery (there were three), and which had been paid for in lumber, were turned over to Causey by Burgess; and as the notes (two) sued on were never in the hands of the defendant, but in the plaintiff's possession, the payment of them was not the matter about which the witness was testifying.    The letters of the defendants, too, support the witness Burgess on that point.

On the 14th of December, 1892, several weeks after the lumber had been delivered to Burgess, the defendant Wall, wrote to the company, asking how much was due on the notes, and was informed that there were three notes unpaid, two of $100 each and one of $75.    In reply to the letter containing that information, Wall wrote that there had been some trouble about some knives belonging to the machinery not having been delivered, but that if the company would deduct $25 for the knives, there would be no more trouble about the accounts.

But a series of letters from the company to the defendants, of dates, May 26, 1893, June 30, 1893, July 5 and July 8 and July 21, 1893, are sent to the defendants making le-

mands for the payment of the three notes.    These letters also show that the defendants were claiming payment in lumber to Burgess.    On August 3, following, the defendants sent to the plaintiffs a check for $105.83, and asked that the same be placed to their credit on the machine bought from Burgess, and on 15 September following, they sent $11.60 with the request to place the same on the machine bought from Burgess.

The testimony of the defendants, the correspondence between them and the plaintiffs and the testimony of Burgess, all taken together, explain the whole transaction, and show that there is no evidence that any payment was ever made on the two notes sued on, except the credit of $11.60 on the $100 note, either in lumber or in money.    The first instruction asked by the plaintiffs ought therefore to have been given.

Error.